VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        24-AP-024



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2024

In re Appeal of H.R.\*

}   APPEALED FROM:
}   Human Services Board
}   CASE NO. J-03/23-196

In the above-entitled cause, the Clerk will enter:

Petitioner appeals a Human Services Board decision dismissing her case for lack of jurisdiction.  We affirm.

The record reveals the following.  In March 2023, petitioner sent the Board an email requesting to file a "discrimination complaint" against the Department for Children and Families (DCF) for alleged failures of the agency regarding her biological children, the termination of her parental rights, and the children's adoptive families.  Petitioner submitted additional email communications making allegations against the family division of the superior court and the adoptive family of her biological children.  Among other things, petitioner requested that the Board establish contact between her and her biological child.

A hearing officer held a status conference and subsequently recommended that the Board dismiss the petition because it did not fall within an area over which the Board had jurisdiction. The hearing officer noted that petitioner had not "identified any specific action or omission by the Department concerning a service or benefit she is receiving and as to which she has been aggrieved."  In January 2024, the Board adopted the hearing officer's analysis and dismissed the matter for lack of jurisdiction, concluding that petitioner had not identified any specific action or omission by DCF concerning a service or benefit.

On appeal, petitioner reiterates concerns involving the treatment of her biological children by their adoptive parents and seeks to restore her parental rights.

The scope of the Board's jurisdiction is provided by statute.  In re T.O., 2021 VT 41, ¶ 2, 215 Vt. 41.  On appeal, we look to the plain language of the statute to determine the Legislature's intent.  Id. ¶ 10.  The statute provides as follows:

An applicant for or a recipient of assistance, benefits, or social services from the Department for Children and Families, of Vermont Health Access, of Disabilities, Aging, and Independent Living, of Mental Health, or of the Department of Health's Women, Infant, and Children program, or an applicant for a license from one of those departments, except for the Department of Health, or a licensee may file a request for a fair hearing with the Human Services Board. An opportunity for a fair hearing will be granted to any individual requesting a hearing because the individual's claim for assistance, benefits, or services is denied, or is not acted upon with reasonable promptness; or because the individual is aggrieved by any other Agency action affecting the individual's receipt of assistance, benefits, or services, or license or license application; or because the individual is aggrieved by Agency policy as it affects the individual's situation.

3 V.S.A. § 3091(a). The Board also has jurisdiction to review a decision by DCF to substantiate a person for child abuse. 33 V.S.A. § 4916b.

Petitioner's claims do not fall within the scope of the Board's authority. She is not seeking to a forum to adjudicate her right to a benefit or service provided by DCF. She is also not appealing a substantiation decision. Petitioner's allegations pertain to child custody and placement, matters outside the Board's authority and under the jurisdiction of the family division of the superior court. See In re T.O., 2021 VT 41, ¶ 19 (explaining that Board "is not the forum our Legislature create to adjudicate petitioners' perceived failures" regarding custody and placement of children). Therefore, the Board properly dismissed petitioner's case for lack of jurisdiction.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice

2